# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ABDIEL SARABIA HERNANDEZ, by estate representative Maren Miller; LARISSA GUTIERREZ; N.S., a minor, through his mother and General Guardian, Larissa Gutierrez; I.S., a minor, through her mother and General Guardian, Mallori Ewan; and A.S.S. and A.S., minors, through their mother and General Guardian, Angelica Reyes,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; and DOES 1-10,<br><br>Defendants. | Case No.: 24cv0032 DMS (DEB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

This case comes before the Court on Plaintiffs' motion for leave to file a First Amended Complaint ("FAC"). Defendant County of San Diego filed an opposition to the motion, and Plaintiffs filed a reply. For the reasons discussed below, the motion is granted.

## I.
## BACKGROUND

The factual background of this case is set out in the Court's September 30, 2024 Order re: Defendants' Motion to Dismiss. (ECF No. 12.) In that order, the Court granted

the County's motion to dismiss Doe Defendants 5-10 from Plaintiffs' first claim under 42 U.S.C. § 1983 alleging deliberate indifference to health/safety and Plaintiffs' fifth claim under the Bane Act, and denied the balance of the motion. Thereafter, Defendant filed an Answer to the Complaint and the parties completed their Rule 26(f) conference. Immediately after that conference, Plaintiffs served discovery requests on the County to which the County filed responses. Those responses provided Plaintiffs with additional facts leading up to Mr. Sarabia's death and identified many of Defendant's employees who were on duty in Mr. Sarabia's housing module in the days leading up to his death.

## II.

## DISCUSSION

In the present motion, Plaintiffs request leave to file a First Amended Complaint that incorporates the facts revealed through the parties' recent discovery and to add the newly identified individuals as defendants in this case. The County argues the Court's order on the motion to dismiss precludes the relief sought in the present motion, Plaintiffs' motion for leave to amend is untimely, allowing Plaintiffs to name additional defendants would be futile because any claims against them would be time-barred, and the proposed amendments would be prejudicial.

Federal Rule of Civil Procedure 15 provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party

opposing the amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, the County has not overcome that presumption. Its first argument that the Court's order on the motion to dismiss precludes the relief sought in the present motion misreads the Court's previous order. Contrary to the County's assertion, the Court did not preclude Plaintiffs from filing an amended complaint naming the Doe Defendants. The Court simply held, based on the facts alleged in the Complaint, that Plaintiffs had failed to state a claim for deliberate indifference and a claim under the Bane Act against Doe Defendants 5-10. Thus, the County's first argument does not warrant denial of the motion.

The County's second argument appears to be that the present motion is untimely. Specifically, the County asserts the deadline to amend the pleadings was December 20, 2024, and this motion was not filed by that deadline. That argument is plainly incorrect. Plaintiffs filed the present motion on December 20, 2024, rendering it timely filed.

The County's third argument is that if the Court allows Plaintiffs to name the Doe Defendants, those claims will not relate back to the claims in the original Complaint. The County argues those claims would instead be time-barred and thus the proposed amendments are futile. It is not clear to the Court, however, that the County has standing to make these arguments on behalf of the newly identified defendants. Although the County asserts in its opposition brief that it has the "ability to make a special appearance on behalf of its present and past employees[,]" (Opp'n at 3), it fails to cite any authority to support that assertion. Rather, it appears the County only has authority to provide a defense for these individuals upon their request, *see* Cal. Govt. Code § 995, and there is no evidence of such a request. Indeed, the County simply states it "has attempted to contact" these individuals, (Opp'n at 3), not that any contact has been made or that any requests for representation have been received. In the absence of any evidence or

authority to support the County's standing to bring these arguments, the Court declines to consider them here.

The County's final argument is that the Court should deny the motion because the proposed amendments would be prejudicial. The County raises this argument in just two conclusory sentences in its six-page brief and without any evidentiary support. Indeed, the evidence refutes the County's argument that the proposed amended complaint expands the scope of the lawsuit. No new claims are alleged, and the focus of the case remains Mr. Sarabia's death while in County custody. The inclusion of more detailed facts surrounding that incident, facts that were in the County's control, does not expand the scope of the lawsuit or introduce the County to additional theories of liability. Moreover, the type of prejudice alleged is not the kind of undue prejudice that weighs in favor of denying leave to amend. *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (stating courts generally evaluate prejudice in terms of "whether discovery cut-offs have passed, how close trial is, and so forth.")

## III.
## CONCLUSION AND ORDER

For the reasons set out above, Plaintiffs' motion for leave to file the First Amended Complaint is granted. Plaintiffs shall file the FAC on or before **March 13, 2025**.

**IT IS SO ORDERED**.

Dated: March 6, 2025

Hon. Dana M. Sabraw
United States District Judge